Filed 9/24/14  In re A.G. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>A.G.,<br><br>  Defendant and Appellant. | F068726<br><br>(Super. Ct. No. JJD065137)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Kristen Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Kane, J., and Poochigian, J.

The court continued appellant, A.G., as a ward of the court (Welf. & Inst. Code, § 602) after it sustained allegations charging appellant with second degree robbery (count 1/Pen. Code, § 211), and misdemeanor dissuading a victim (Pen. Code, § 136.1, subd. (b)(1)). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On August 23, 2013, 15-year-old Andrew M. attended a dance at Dinuba High School. After the dance ended at 12:00 a.m. Andrew walked about a block to the public library where he called his mother to get a ride but she did not answer. As he sat holding the phone in his hand, Andrew noticed three males across the street walking toward him. One male stopped about two feet in front of Andrew, who remained sitting. Another male stopped three feet away from Andrew on his left side and the third male stopped three feet away from him on his right side. The male in front of Andrew asked if he could borrow his cell phone. Andrew handed him the phone because he was scared and the male said, "[T]his is a nice phone. Well, you just got jacked." He also looked at Andrew and told him not to snitch. The other males then stated, "Don't snitch. We know where you live."

After the trio left, some of Andrew's friends walked by and he used one of their cell phones to call 911. Later that night, police officers took him to two locations where they had detained three suspects. Andrew was able to identify A.G. by his clothing as one of the participants in the robbery. Andrew also identified his cell phone and it was returned to him.

On August 27, 2013, the district attorney filed a petition charging appellant with the two counts the court sustained.

On October 8, 2013, following a jurisdictional hearing, the court sustained both counts of the petition.

2

On November 27, 2013, after denying the defense's motion to dismiss, the court aggregated time from a previous petition, set appellant's maximum term of confinement at five years nine months, and committed him to the Tulare County Youth Facility for a year.

Appellant's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Appellant has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.